**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SHELTON VASSAR VANOVER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN C. HARRISON, et al.,<br><br>Respondents. | ) | No. 2:25-cv-02565-SHL-cgc |

**ORDER DENYING MOTION FOR CLASSIFICATION AND FOR 2241 PETITION THAT WAS DISMISSED OR TO BE TRANSFERRED**

On June 3, 2025, Shelton Vassar Vanover was incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis") and filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Petition"). (ECF No. 1.) He did not pay the filing fee or seek leave to proceed in forma pauperis despite the Court directing him to do so. The Court dismissed the § 2241 Petition without prejudice for failure to prosecute. (ECF No. 6.) The Court's order and judgment were returned as undeliverable. (ECF No. 8.)

Two months later, Vanover notified the Court of his new address in Florida. (ECF No. 9.) Then, he refiled his § 2241 Petition with the Court as a new action. (See Vanover v. Harrison, No. 2:25-cv-3106, at ECF No. 1 (W.D. Tenn. Dec. 4, 2025.) The Court dismissed the refiled petition as moot because Vanover had been released from the Bureau of Prisons' custody and the Court could not provide the relief he requested, which was a return to a Residential Reentry Center or immediate release. (Id. at ECF No. 9 at PageID 34.)

Later, Vanover filed the instant motion, styled as a "Motion For Classification, And For 2241 Petition That Was Dismissed Or To Be Transferred." (ECF No. 10.) He argues that his § 2241 Petition "must be heard and not dismissed or transferred because [he] filed [it] before December 4, 2025." (Id. at PageID 36.) He asserts that he requested that staff at FCI Memphis mail the $5.00 filing fee from his prison account to the Court, but that staff failed to do so. (Id. at PageID 37.)

The Court construes Vanover's motion as a motion for relief from judgment. See Fed. R. Civ. P. 60(b). Under Rule 60(b)(6), a court may grant a party relief from a final judgment for "any . . . reason justifying relief." However, "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014) (citation omitted).

"A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." Abdur'Rahman v. Carpenter, 805 F.3d 710, 713 (6th Cir. 2015) (citation omitted); see also In re West, 103 F.4th 417, 419 (6th Cir. 2024) ("Extraordinary circumstances, for purposes of Rule 60(b)(6), 'will rarely occur in the habeas context.'") (citation omitted). To determine whether those circumstances exist, courts balance several factors, including "the risk of injustice to the parties," "the risk of undermining the public's confidence in the judicial process," and the "competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." West, 103 F.4th at 419–20 (6th Cir. 2024).

Vanover fails to demonstrate extraordinary circumstances warranting relief. He acknowledges that he was able to refile his § 2241 Petition. The Court dismissed that petition as moot because of Vanover's release from custody. For these reasons, his "Motion For

Classification, And For 2241 Petition That Was Dismissed Or To Be Transferred" (ECF No. 10), construed as a Rule 60(b)(6) motion, is **DENIED**.

**IT IS SO ORDERED**, this 25th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE